# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 19-cv-1627

| | |
|---|---|
| Brian Imholte on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>US Bank, National Association, Lawgix Lawyers, LLC, Lawgix, Inc., and Michael D. Johnson, Esq., individually,<br><br>Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), and Minnesota state common law.

2. Plaintiff, Brian Imholte (hereinafter "Plaintiff Imholte") brings this class action for damages, in response to US Bank, National Association ("Defendant US Bank"), Lawgix Lawyers, LLC and Lawgix, Inc. ("Defendants Lawgix"), and Michael D. Johnson, Esq., individually ("Defendant Johnson") (collectively referred to as "Defendants") violations of the rights afforded under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

1

## JURISDICTION

3. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants transacts business in this District.

## PARTIES

5. Plaintiff, Brian Imholte (hereinafter "Plaintiff"), is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant U.S. Bank is a federally-chartered bank organized under the laws of the United States of America. Defendant U.S. Bank's principal place of business is located at 800 Nicollet Mall, Minneapolis, Minnesota 55402. Defendant U.S. Bank is authorized to conduct business in the state of Minnesota and regularly does conduct business in said State. Defendant U.S. Bank is a "creditor" as defined in 15 U.S.C. § 1692a(4).

7. Defendant, Lawgix Lawyers, LLC, is a debt collection law firm agency in the United States; is incorporated under the laws of the State of Pennsylvania; is licensed to do business in the State of Minnesota and regularly conducts business within said State; and has a principal place of business located at 1000 Cliff Mine Road, Suite 330, Pittsburgh, PA 15143. Defendant Lawgix regularly collects or attempts to collect

consumer debts in the District of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant, Lawgix, Inc., is a debt collection law firm agency in the United States; is incorporated under the laws of the State of Delaware; is licensed to do business in the State of Texas and regularly conducts business within said State and Minnesota; and has a principal place of business located at 800 Brazos Street, Suite 660, Austin, TX 78701. Defendant Lawgix regularly collects or attempts to collect consumer debts in the District of Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Johnson is lawyer licensed to practice law in the State of Minnesota at P.O. Box 314, Hopkins, MN 55343. At all times herein relevant, Defendant Johnson regularly attempts to collect consumer debts alleged to be due another. Defendant Johnson is, therefore, a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Throughout this complaint Defendant Lawgix (and its related entities) including Defendant Johnson will be referred to as "Defendant Lawgix."

## FACTUAL ALLEGATIONS

11. Sometime in or around 2006, Plaintiff and his now ex-wife, Ann Imholte, incurred a loan with the Defendant US Bank with an account number ending in ****5124.

12. The alleged loan was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

13. At some point Plaintiff's and Ann Imholte, defaulted on the alleged loan.

14. Both Plaintiff and Ann Imholte, were sued in Ramsey County District Court under case file numbers: 62-cv-11-9259 and 62-cv-11-9254 for the US Bank debt.

15. Both cases 62-cv-11-9259 and 62-cv-11-9254 had judgments entered against Plaintiff and Ann Imholte.

16. In both matters (62-cv-11-9259 and 62-cv-11-9254) Satisfaction of Judgments were entered. Case Number 62-cv-11-9259 had the satisfaction filed on May 6, 2014 and the Case Number 62-cv-11-9254 had the satisfaction filed on July 13, 2015. (*See* attached Exhibits 1 and 2).

17. At some point in 2019, Defendant US Bank, entered into an agreement with Defendant Lawgix and Defendant Johnson to illegally collect on the already satisfied judgments.

18. In or around May 20, 2019, Defendant Lawgix through its attorney, Defendant Johnson, served Plaintiff with a Summons and Complaint, attempting to collect on Defendant US Bank account ending in ****5124, despite said account being paid in full per the filed Satisfactions of Judgments. (*See* Exhibits 1 and 2).

19. Plaintiff confirmed with the Ramsey County District Court that the cases against him and his wife for the Defendant US Bank account ending in ****5124 were satisfied and dismissed.

20. Plaintiff also confirmed with a female representative of Defendant US Bank that he had satisfied the judgment and that this debt had already been resolved.

21. Defendant Lawgix continues to attempt to collect on a debt that was previously settled and paid in full, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f(1) and 1692f.

22. Defendant Lawgix's pleadings served on Plaintiff illegally attempt to collect a debt from Plaintiff, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f

23. Defendant Lawgix's pleadings served on Plaintiff give an address for Defendant Johnson that is incorrect and misleading as Defendant Johnson is not a licensed Pennsylvania attorney nor does he practice at the address listed on the pleadings.

24. Defendants Lawgix's pleadings served on Plaintiff also give a telephone number that is answered as: "*US Bank. Your account has been placed with Lawgix Lawyers. To speak with an attorney regarding your account please press 1. To be connected to US Bank representative regarding options on your account please press 2.*"

25. At the time Plaintiff was served with Defendants' pleadings he did not have an existing debt obligation or account with Defendant US Bank.

26. Defendant Lawgix engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. Defendant Lawgix falsely represented the character, amount, and/or legal status of a debt when they served Plaintiff's and stated that he had an outstanding debt obligation, in violation of 15 U.S.C. § 1692e(2)(A).

28. Defendant Lawgix used false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation of 15 U.S.C. § 1692e(10).

29. Defendant Lawgix used unfair and unconscionable means to collect or attempt to collect a debt when they attempted collection of an amount from Plaintiff not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

30. That as a result of Defendants' conduct, Plaintiff suffered damages in the form of anger, confusion, loss of sleep, emotional distress and mental anguish.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CLASS ALLEGATIONS

32. Defendant Lawgix violated the FDCPA when they served pleadings in various state courts throughout the state of Minnesota using misleading contact information.

33. Upon information and belief, Defendant Lawgix has on more than forty (40) occasions within one (1) year of the date of the Plaintiff's filing of this complaint, filed state court collection actions against similar consumers wherein it used misleading contact information on its state court pleadings, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1).

34. Plaintiff brings this action individually and as a class action.

35. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff seeks to certify one (1) class, which is defined as:

> *All consumers in the State of Minnesota that have had pleadings served on them by Defendant Lawgix in various judicial court actions within one year of the date of the filing of this Complaint by Defendant Lawgix, wherein Defendant Lawgix used misleading contact information.*

### *Rule 23(a) Requirements*

#### *Numerosity*

36. Various nonparty credit card issuers are from many of the largest banks and retailers in the United States, offering a variety of credit services to consumers in Minnesota.

37. Those various nonparty credit providers grant credit cards to consumers nationwide.

38. Some of those consumers may have, at one time or another, defaulted on their credit card obligations.

39. Some of the nonparty credit issuers, have used Defendant Lawgix, to file collection actions against such a large number of consumers in Minnesota such that joinder of all in this lawsuit would be impracticable.

40. Defendant Lawgix conducts debt collection activities throughout the state of Minnesota and have filed collection actions against consumers on behalf of nonparty credit issuers.

41. Therefore, the estimated number of class members for each class is in excess of 40 persons.

*Commonality*

42. All members of the Class had their rights violated in the same manner by the same illegal actions of Defendant Lawgix.

43. Common evidence, in particular (1) a list of consumer debtors in Minnesota who have had collection suits/actions filed against them by Defendant Lawgix; and (2) collection files of Defendant Lawgix concerning consumers in Minnesota who have had collection suits filed against them specifically by Defendant Lawgix, will drive resolution of the claims of the Class.

44. Statutory relief under the FDCPA are directed based upon the common conduct of Defendant Lawgix, and not the subjective, individual experiences of members of the Class.

*Typicality*

45. Plaintiff has the same claims to statutory relief as do all other members of the Class.

46. Any defenses that Defendant Lawgix may have to liability or quantum of statutory damages with respect to Plaintiff's claims would be generally applicable to all members of the Class.

*Adequacy*

47. Plaintiff brings this lawsuit after an extensive investigation of Defendant Lawgix's alleged misconduct.

48. Plaintiff brings this lawsuit with the intention to stop Defendant Lawgix's unlawful practices and recovery statutory remedies for all consumers affected.

49. Plaintiff will continue to vigorously pursue relief for the Class.

50. Plaintiff's counsel, Thomas J. Lyons Jr. of the Consumer Justice Center, P.A., has been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and/or other districts of the United States federal courts.

51. Plaintiff's counsel is committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Class.

### *Rule 23(b)(3)*

### *Predominance/Superiority*

### *Predominance*

52. Statutory relief under the FDCPA follows from evidence that Defendant Lawgix acted in a manner common to the entire class and not the subjective experience of any one complainant.

53. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### *Superiority*

54. Plaintiff and his counsel are not aware of any other pending actions against Defendant Lawgix.

55. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

56. Upon information and belief, few members of the Class are aware that Defendant Lawgix's actions were unlawful.

57. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. §1692 *et. seq.*

### AGAINST DEFENDANTS LAWGIX (INCLUDING DEFENDANT JOHNSON)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions of Defendant Lawgix constitutes numerous and multiple violations of the FDCPA as outlined above.

60. Defendant Lawgix continues to attempt to collect on a previously paid in full account, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

61. Defendant Lawgix's pleadings to Plaintiff illegally attempts to collect a debt from Plaintiff in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f

62. Plaintiff is entitled to recover actual damages in excess of $5,000 and statutory damages in the amount of $1,000.00 from both Defendant Lawgix, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

63. Plaintiff is entitled to recover litigation costs and attorney's fees from both Defendant Lawgix, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY - INTRUSTION UPON SECLUSION

## AGAINST ALL DEFENDANTS

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendants intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having previously received payment in full Defendants' continued to harass Plaintiff.

66. Defendants' intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.

67. Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

68. As a result of Defendants' intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

## COUNT III.

## ABUSE OF PROCESS

## AGAINST DEFENDANT US BANK

69. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

70. The essential elements for a cause of action for abuse of process are the existence of an ulterior purpose and the act of using the process to accomplish a result not within

the scope of the proceedings in which it was issued, whether such a result might otherwise be lawfully obtained or not. *See Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997).

71. Defendant US Bank brought a claim against Plaintiff demanding payment of an alleged debt obligation that was previously satisfied, which was for the ulterior purpose of pressuring Plaintiff into paying or settling the alleged debt amount that Plaintiff did not owe by law.

72. Defendant US Bank made an illegal, improper, perverted use of process, a use neither warranted nor authorized by statute.

73. Defendant US Bank had an ulterior motive or purpose.

74. Plaintiff suffered damages as a direct result of the irregularities.

## COUNT IV.

## MALICIOUS PROSECUTION

## AGAINST DEFENDANT US BANK

75. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though fully stated herein.

76. A claim for malicious prosecution lies if (1) an action is brought without probable cause or reasonable belief that the plaintiff will ultimately prevail on the merits, (2) the action is instituted and prosecuted with malicious intent, and (3) the action is terminated in the defendant's favor. *Dunham v. Roer*, 708 N.W.2d 552, 569 (Minn. Ct. App. 2006) (citing *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997)); *Stead-Bowers v. Langley*, 636 N.W.2d 334, 338 (Minn. Ct. App. 2001).

77. Defendant US Bank initiated a legal claim against Plaintiff, demanding payment of an alleged debt obligation, without probable cause or reasonable belief that it could ultimately prevail on the merits.

78. This claim was brought with malicious intent.

79. Attorneys for Defendant Lawgix, were an instrumentality for the perpetration of fraud, and have no immunity. *See Hoppe v. Klapperich*, 28 N.W.2d 780, 788 (Minn. 1947).

80. The actions brought by Defendant US Bank, were terminated / satisfied in Plaintiff's favor. In both matters (62-cv-11-9259 and 62-cv-11-9254) Satisfaction of Judgments were entered. Case Number 62-cv-11-9259 had the satisfaction filed on May 6, 2014 and the Case Number 62-cv-11-9254 had the satisfaction filed on July 13, 2015. (*See* attached Exhibits 1 and 2).

81. Defendant US Bank's action against Plaintiff constitutes malicious prosecution.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- certifying the action as a class;
- ordering that Plaintiff's counsel be named as class counsel;
- awarding Plaintiff statutory damages against the Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding the FDCPA Class members statutory damages against Defendants for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff and the FDCPA Class members reasonable attorney's fees and costs against Defendants;
- that judgment be entered against Defendant for actual damages, and costs, for Defendants' invasion of privacy;
- awarding actual and compensatory damages for Abuse of Process in a reasonable amount;
- awarding actual and compensatory damages for Malicious Prosecution in a reasonable amount;

- any other appropriate declaratory and/or injunctive relief; and
- such other and further relief as the court deems just and equitable.

Dated this 21st day of June, 2019.

Respectfully submitted,

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***

# **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA )
                                  ) ss
COUNTY OF Ramsey )

      I, Brian Imholte, having first been duly sworn and upon oath, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                                  s/Brian Imholte
                                                                  Brian Imholte

Subscribed and sworn to before me
this 20th day of June 2019.


s/Andrea L. Weber
Notary Public