# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Imholte on behalf of himself and all others similiary situated,<br><br>                Plaintiff,<br><br>      v.<br><br>U.S. Bank, National Association, Lawgix Lawyers, LLC, Lawgix, Inc., and Michael D. Johnson, Esq., individually,<br><br>                Defendants. | CASE NO 19-cv-01627-DWF-DTS<br><br>**DEFENDANT LAWGIX LAWYERS, LLC'S MEMORANDUM IN RESPONSE TO DEFENDANT U.S. BANK'S PARTIAL MOTION TO DISMISS** |

        Defendant U.S. Bank, National Association ("U.S. Bank") filed a Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Count II, among others, of Plaintiff Brian Imholte's Complaint for failure to state a claim upon which relief can be granted. Defendant Lawgix Lawyers, LLC ("Lawgix Lawyers") submits this separate response memorandum to address the effect that the granting of U.S. Bank's motion should have on the identical claim asserted against Lawgix Lawyers. The allegations in the Complaint related to Count II are identical as to both U.S. Bank and Lawgix Lawyers, as is the legal analysis set forth by U.S. Bank. Accordingly, if the Court dismisses Count II of the Complaint as to U.S. Bank, Lawgix Lawyers submits this Memorandum to respectfully request that the Court similarly dismiss Count II against Lawgix Lawyers.

# BACKGROUND

I. **The pertinent factual allegations apply to both defendants.**

Plaintiff alleges that he and his ex-wife obtained a loan from U.S. Bank, which was assigned an account number ending in 5124. ECF. No. 1 at ¶ 11; ECF No. 12 at p. 1. Plaintiff and his ex-wife eventually defaulted on the loan. ECF. No. 1 ¶ 13; ECF. No. 12 at p. 1. U.S. Bank brought a lawsuit in Ramsey County District Court against Plaintiff and his ex-wife for the debt. ECF. No. 1 ¶ 14; ECF. No. 12 at p. 1. The action against Plaintiff was assigned case file number 62-cv-11-9259 (the "First Lawsuit"). ECF. No. 1 ¶ 14, Ex. 1; ECF. No. 12 at p. 1. U.S. Bank obtained a judgment against Plaintiff in the First Lawsuit. ECF. No. 1 ¶ 15; ECF. No. 12 at p. 2. U.S. Bank later filed a Satisfaction of Judgment in the First Lawsuit. ECF. No. 1 ¶ 16, Ex. 1; ECF. No. 12 at p. 2.

About five years after the Satisfaction of Judgment was filed in the First Lawsuit, Plaintiff alleges that Lawgix Lawyers served Plaintiff with a summons and complaint in a new lawsuit filed by U.S. Bank against Plaintiff regarding the debt owed on account number ending in 5124 (the "Second Lawsuit"). ECF. No. 1 ¶ 18; ECF. No. 12 at p. 2. Plaintiff alleges that he confirmed with the Ramsey County District Court that the First Lawsuit had been dismissed, and that he also confirmed with U.S. Bank that he had satisfied the judgment and that the debt had already been resolved. ECF. No. 1 at ¶¶ 19-20; ECF. No. 12 at p. 2. Plaintiff further alleges that Lawgix Lawyers, in connection with its representation of U.S. Bank, continued to attempt to collect on the debt that was previously settled and paid. ECF. No. 1 at ¶ 21.

**II.     Plaintiff's allegations in Count II are identical as to both defendants.**

As related to Plaintiff's Invasion of Privacy Claim (Count II) in its Complaint, Plaintiff makes the following allegations against both U.S. Bank and Lawgix Lawyers:

> *Defendants* intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs when, despite having previously received payment in full *Defendants'* continued to harass Plaintiff.
>
> *Defendants'* intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position.
>
> Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.
>
> As a result of *Defendants'* intrusion, Plaintiff has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress, and is entitled to an award of actual damages in an amount to be determined at trial.

ECF. No. 1 at ¶¶ 65-68 (emphasis added).

## ARGUMENT

If the Court grants U.S. Bank's partial motion to dismiss as to Count II, the Court should similarly dismiss Count II against Lawgix Lawyers. "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (citing *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456-57 (8th Cir. 1990)). Here, the factual allegations, legal standard, legal issue, and legal analysis that the Court will apply, as related to Count II, are identical as applied to both U.S. Bank and Lawgix Lawyers. *Compare* ECF. No. 1, *and* ECF. No. 20, *with* ECF. No.

12, *and* ECF. No. 21, *and* ECF. No 23. Thus, if the Court were to grant U.S. Bank's motion and reserve judgment on the issue as to Lawgix Lawyers, the parties would be forced to file separate briefing that would rehash precisely the same issues of fact and law as are before the Court now (i.e., re-litigate a settled issue). Based on establish precedent and logical principles underlying U.S. Bank's motion, the Court and the parties need not take those additional steps. *See Myers v. Raynor (In re Raynor)*, 617 F.3d 1065, 1068 (8th Cir. 2010) (stating that the law of the case doctrine "is a policy of deference under which a court should not reopen issues decided in earlier stages of the same litigation") (citation and internal quotation omitted). Accordingly, under the law of the case doctrine and in the interests of judicial economy, Count II of Plaintiff's Complaint should be decided at the same time for both defendants.

## CONCLUSION

For the foregoing reasons, Defendant Lawgix Lawyers respectfully requests that the Court dismiss Count II of the Complaint against Lawgix Lawyers in tandem with granting Defendant U.S. Bank's Partial Motion to Dismiss as to the same count against U.S. Bank.

4

Respectfully submitted,

Dated: November 27, 2019                **BALLARD SPAHR LLP**

By: /s/ Karla M. Vehrs
    Karla M. Vehrs (0387086)
    vehrsk@ballardspahr.com
    Rene T. McNulty (0399333)
    mcnultyr@ballardspahr.com
80 South Eighth Street
2000 IDS Center
Minneapolis, MN 55402-2119
Telephone: (612) 371-3211

**Attorneys for Defendant Lawgix Lawyers, LLC**