UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Imholte on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>US Bank, National Association, Lawgix Lawyers, LLC, Lawgix, Inc., and Michael D. Johnson, Esq., individually.<br><br>Defendants. | Civil No. 19-1627 (DWF/DTS)<br><br>**MEMORANDUM OPINION AND ORDER** |

Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiffs.

Payton E. George, Esq., and Vernle C. Durocher, Jr., Esq., Dorsey & Whitney LLP, counsel for Defendant US Bank, National Association.

Karla M. Vehrs, Esq., and Rene T. McNulty, Esq., Ballard Spahr LLP, counsel for Defendant Lawgix Lawyers, LLC.

**INTRODUCTION**

This matter is before the Court on Defendant US Bank, National Association's ("US Bank") Motion to Dismiss Counts II and III (Doc. No. 10) of Plaintiff Brian Imholte's ("Imholte") Complaint (Doc. No. 1 ("Compl.")). For the reasons set forth below, the Court grants US Bank's motion to the extent that Counts II and III are dismissed without prejudice.

**BACKGROUND**

Imholte alleges that in or around 2006, he and his now ex-wife obtained a loan from US Bank that they subsequently defaulted on. (Compl. ¶¶ 11, 13.) According to the Complaint, US Bank sued the Imholtes in Ramsey County District and obtained judgments against them. (*Id.* at ¶¶ 14-15.)[1] Imholte alleges that the judgments were satisfied on May 6, 2014 and July 13, 2015, respectively. (Compl. ¶ 16, Exs. 1-2.)

Imholte alleges that on or around May 20, 2019, "Defendant Lawgix"[2] served him with a Summons and Complaint, seeking to collect on the same debt that he had previously satisfied.[3] (*Id.* ¶ 18.) Imholte contends that he confirmed with the Ramsey County District Court that the prior cases against him and his wife were satisfied and dismissed. (*Id.* ¶ 19.) Imholte alleges that he also confirmed with a US Bank representative that the judgments were satisfied and the debt was resolved. (*Id.* ¶ 20.) Notwithstanding, Imholte alleges that "Defendant Lawgix continued to attempt to collect" on the debt that was previously satisfied and paid in full. (*Id.* ¶ 21.) He contends

---

[1] Imholte alleges that US Bank brought two separate lawsuits against Imholte and his now ex-wife, each resulting in judgments against them. (Compl.¶¶ 14-16.)

[2] Imholte's Complaint frequently refers collectively to Defendants Lawgix Lawyers, LLC ("Lawgix Lawyers"), Lawgix, Inc., and Johnson as "Defendant Lawgix." (Compl. ¶ 10.) Lawgix Lawyers denies the propriety of Imholte's collective use of "Defendant Lawgix" because it alleges that Lawgix Lawyers is distinct from Lawgix, Inc, and that Johnson is an attorney employed by Lawgix Lawyers. (Doc. No. 20 ¶ 10.) Because US Bank is the only defendant party to the motion before the Court, the Court does not address this issue at this time.

[3] Imholte contends that "at some point in 2019, Defendant US Bank entered into an agreement with Defendant Lawgix and Defendant Michael D. Johnson ("Johnson") to illegally collect on the already satisfied judgments." (Compl. ¶ 17.)

that US Bank brought the claim against him for "the ulterior purpose of pressuring [him] into paying or settling the alleged debt amount [he] did not owe by law." (*Id.* ¶ 73.)

Imholte contends that as a result of US Bank and other defendants' conduct, he suffered damages in the form of anger, confusion, loss of sleep, emotional distress, and mental anguish. (*Id.* ¶ 30.) Imholte brings three counts against US Bank: (1) Intrusion Upon Seclusion ("Count II"); (2) Abuse of Process ("Count III"); and (3) Malicious prosecution ("Count IV").[4] (*Id.* ¶¶ 64-81.) US Bank moves to dismiss with prejudice Counts II and III.[5]

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the

---

[4] Imholte alleges Count II against all defendants.

[5] Lawgix Lawyers filed a response to US Bank's motion requesting that if the Court dismisses Count II against US Bank, the Court also dismiss Count II against Lawgix Lawyers because Lawgix Lawyers contends that the related allegations against US Bank and Lawgix Lawyers are identical. (Doc. No. 25.) Because Lawgix Lawyers failed to comply with Local Rule 7.1, the Court declines to consider its request.

complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

**II.     Count II**

In Minnesota, intrusion upon seclusion requires a demonstration of three elements: (1) an intrusion; (2) that is highly offensive; and (3) into some matter in which a person has a legitimate expectation of privacy. *Swarthout v. Mut. Serv. Life Ins. Co.*, 632 N.W.2d 741, 744 (Minn. App. 2001). "Intrusion upon seclusion occurs when one intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another of his private affairs or concerns if the intrusion would be highly offensive to a reasonable person." *Lake v. Wal-Mart Stores, Inc.*, 582 N.W.3d 231, 233 (Minn. 1998) (internal quotation marks and citation omitted). "There is no liability unless the

interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable person, as the result of conduct to which the reasonable person would strongly object." *Swarthout*, 632 N.W.2d at 745 (internal quotation marks and citation omitted).

Determinations of whether conduct meets the reasonable person standard are usually questions of fact but may become questions of law if reasonable persons can only draw one conclusion from the evidence. *Swarthout*, 632 N.W. 2d at 744-745. To determine whether a reasonable person could conclude that a defendant's conduct was highly offensive, "the court must give special regard to the circumstances under which the alleged intrusion occurred, and the expectations that a reasonable person would have under such circumstances." *Osborne v. Minn. Recovery Bureau, Inc.*, Civ. No. 04-1167, 2006 WL 1314420, at *7 (D. Minn. May 12, 2006) (citing *Bauer v. Ford Motor Credit Co.*, 149 F. Supp.2d, 1106, 1111 (D. Minn. 2001)).

US Bank argues that Imholte's claim fails because "merely filing a lawsuit and effecting service of process" are insufficiently substantial or highly offensive to sustain a claim for intrusion upon seclusion. (Doc. No. 12 ("US Bank Memo") at 4-5.) US Bank argues further that Imholte also fails to allege that US Bank intruded into any area in which he had an expectation of privacy. (*Id.*) Accordingly, US Bank asks the Court to dismiss Count II with prejudice for failure to state a claim upon which relief can be granted. (*Id.* at 7.)

Imholte maintains that his claim is sufficiently pleaded because a reasonable person could find that "hiring an attorney to file a frivolous lawsuit against an individual

5

consumer—five years after he has parted ways with a creditor and put the matter behind him" is highly offensive. (Doc. No. 21 ("Imholte Opp.") at 3-4.) Imholte contends that US Bank's conclusory argument that its actions are insufficiently offensive ignores the reality "that interrupting someone's personal life and financial affairs by serving him with a frivolous lawsuit requiring immediate action on his part to avoid serious repercussions" creates a substantial burden that a reasonable person could "certainly perceive" as highly offensive conduct. (*Id.* at 5.) Imholte argues that US Bank's motion to dismiss Count II should be denied because whether US Bank's conducts meets the reasonable person standard is a question of fact for the jury. (*Id.* at 6.)

The Court is sensitive to the burden imposed by being served with a lawsuit, particularly on a matter believed to have been resolved. Notwithstanding, the Court finds that Imholte's allegations as pleaded fail to surpass the threshold necessary to constitute a claim for intrusion upon seclusion with respect to US Bank. To survive a motion to dismiss, a complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly*, 550 U.S at 555. Here, the only allegations with respect to US Bank are that five years after US Bank filed a satisfaction of judgment on Imholte's debt, US Bank instituted a second lawsuit to attempt to collect on the same debt. (Compl. ¶¶ 16, 18.) While Imholte also asserts that he confirmed with a representative of US Bank that the debt was satisfied, the allegation provides insufficient detail to rise above the speculative level that a reasonable person could find US Bank's conduct highly offensive.

Before the Court can determine whether the reasonable person standard is a question of law or fact, the Court must be able to consider the circumstances under which the alleged intrusion occurred, and the expectations that a reasonable person would have under such circumstances. *See Bauer*, 149 F. Supp.2d at 1111. Here, the Court cannot make such a determination. If the lawsuit was filed in error, for example, no reasonable person could find that US Bank's actions were sufficiently offensive. Moreover, the Complaint does not address the status of the second lawsuit; whether or when it was dismissed, or any other additional action taken by US Bank. Lacking sufficient factual detail to draw a reasonable inference that US Bank is liable for the misconduct alleged, the Court dismisses Count II without prejudice for failure to state a claim upon which relief may be granted.

## III. Count III

Under Minnesota law, an abuse of process claim requires a showing of: (1) an ulterior purpose in using the process; and (2) an act of using the process to accomplish a result not within the scope of the proceedings in which it was used. *Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. App. 1997). "[S]everal Courts, including the United States District Court for the District of Minnesota, have held that the institution of a lawsuit alone is insufficient as a matter of law to constitute an abuse of process." *Leiendecker v. Asian Women United of America*, 834 N.W.2d 741, 753 (Minn. App. 2013) *rev'd on other grounds by Leiendecker v. Asian Women United of America*, 848 N.W.2d 224 (Minn. 2014); *see also Surgidev Corp. v. Eye Tech., Inc.,* 625 F.Supp. 800, 805–06 n. 4 (D. Minn. 1986) (finding that "the mere issuance of a complaint, standing alone, is an

insufficient ground on which to base an abuse of process [claim]"). To prevail on a claim for abuse of process, a plaintiff must "allege that [the defendant] has used the Court's process to obtain a 'collateral advantage'—one outside the scope of the proceedings." *Surgidev Corp.*, 625 F.Supp. at 805.

US Bank argues that Count III fails as a matter of law because Imholte alleges only that US Bank instituted a lawsuit against him, and that there are no allegations that US Bank took any action outside of the commencement of the second lawsuit. (US Bank Memo. at 6-7.) US Bank also contends that Imholte fails to allege an ulterior purpose because the stated "ulterior motive" in the Complaint is the same as the purpose stated on the face of the complaint–namely, to collect on a debt allegedly owed.[6]

Imholte argues that US Bank fails to account for the additional context he provides with respect to prior lawsuits, that US Bank's true ulterior purpose was "to scare and intimidate [Imholte] into paying," and that US Bank "used legal process as a substitute for a simple review of its own records and forced Plaintiff to take affirmative action when he had no obligation to do so." (Imholte Opp. at 6-7.) Notwithstanding, the Court is limited to the Complaint, and the only "ulterior motive" actually alleged was to collect on a debt allegedly owed. (Compl. ¶ 71.) The Court finds that Imholte fails to allege that US Bank used the Court's process to obtain a collateral advantage outside the scope of

---

[6] The Complaint states that "US Bank brought a claim against [Imholte] demanding payment of an alleged debt obligation that was previously satisfied, which was for the ulterior purpose of pressuring [Imholte] into paying or settling the alleged debt amount [Imholte] did not owe by law." (Compl. ¶ 73.)

8

the proceedings or filed the lawsuit for an ulterior purpose. *Surgidev Corp.*, 625 F.Supp. at 805. Accordingly, the Court dismisses Count III without prejudice.

## CONCLUSION

Assuming all facts in the Complaint to be true and construing all reasonable inferences from those facts in the light most favorable to Imholte, the Court grants US Bank's motion to dismiss Counts II and III of Imholte's Complaint insofar as Count II is dismissed without prejudice with respect to US Bank, and Count III is dismissed without prejudice.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts II and III (Doc. No. [10]) of Plaintiffs' Complaint is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Count II is dismissed without prejudice with respect to Defendant US Bank.
2. Count III is dismissed without prejudice.

Dated: January 22, 2020           s/Donovan W. Frank
                                                  DONOVAN W. FRANK
                                                  United States District Judge